UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DELILAH MORRISON and SHERRI ARGUELLO, On Behalf of Themselves And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MONEYGRAM INTERNATIONAL, INC., PHILIP W. MILNE, JESS T. HAY, LINDA JOHNSON RICE, ALBERT M. TEPLIN, TIMOTHY R. WALLACE, MONTE E. FORD, JUDITH K. HOFER, ROBERT C. KRUEGER, DONALD E. KIERNAN, DOUGLAS L. ROCK, OTHÓN RUIZ MONTEMAYOR, DAVID J. PARRIN, ANTHONY P. RYAN, THE MONEYGRAM INTERNATIONAL, INC. PENSION AND 401(k) COMMITTEE, and JOHN DOES 1-20,<br><br>Defendants. | Case No. 08-CV-1121 (PJS/JJG)<br><br><br><br>FINAL ORDER FOR JUDGMENT |

This action came on for a final hearing on a proposed settlement (the "Settlement") of the action entitled *Morrison v. MoneyGram International, Inc.,* 08-CV-1121 (the "Action"). Based on the parties' submissions, the Court finds and states as follows:

1.     To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Settlement Agreement in this Action dated October 7, 2010 [Docket No. 113-1] (the "Settlement Agreement").

2.     The Court has jurisdiction over the subject matter of the Action and over all parties to it, including all members of the Settlement Class.

1

3. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and compromise of the Action and in the best interests of the Settlement Class. It is ordered that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

4. The Court determines that the Settlement Agreement has been negotiated vigorously and at arm's length by Plaintiffs and their counsel on behalf of the Plan and the Settlement Class and further finds that, at all times, Named Plaintiffs have acted independently and that their interests are identical to the interests of the Plan and the Settlement Class. If settlement of Named Plaintiffs' claims had not been achieved, both Named Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation. The Court further finds that the settlement complies with the terms of the Department of Labor's Class Exemption for the Release of Claims and Extensions of Credit in Connection with Litigation PTE 2003-39, and is supported by a determination from an independent fiduciary that the settlement is appropriate for the Plan. Accordingly, the Court determines that the negotiation and consummation of the Settlement by the Plaintiffs on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined in ERISA §§ 406(a) or (b).

5. The Court determines that the Class Notice transmitted to the Settlement Class and the published Summary Notice provided pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, are the best notice practicable under the circumstances and, in the form of the Class Notice, included

individual notice to all members of the Settlement Class who could be identified through reasonable efforts.  Such Notices provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Settlement Agreement and the Plan of Allocation, to all persons entitled to such notice, and such Notices have fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

6. The Court hereby finds that the Plan of Allocation (Exhibit D to the Settlement Agreement) provides a fair and equitable basis upon which to allocate the proceeds of the Settlement Fund among the Settlement Class members.  A full and fair opportunity was accorded to all Settlement Class members to be heard with respect to the Plan of Allocation.  Accordingly, the Court hereby approves the Plan of Allocation.

7. The Court hereby approves the maintenance of the Action as a class action for settlement purposes only pursuant to Fed. R. Civ. P. Rule 23(a) and 23(b)(1) and (b)(2), with the class being defined as follows:

> All persons (other than Defendants or members of the MoneyGram International, Inc. Pension & 401(k) Committee and their beneficiaries, alternate payees (including spouses) and successors-in-interest) who both (i) were participants in or beneficiaries of the *Plan* at any time during the period starting on July 1, 2004, through October 7, 2010 and (ii) as part of their participation in the *Plan*, held Employer Stock within the Employer Stock Fund, as those terms are defined in the *Plan*; and as to each such *Person*, his, her, or its beneficiaries, alternate payees (including spouses of deceased Persons who were Plan participants), and *Successors-In-Interest*.

8. The Court appoints Delilah Morrison and Sherri Arguello as Class Representatives for settlement purposes only. The Court appoints Gainey & McKenna as Lead Counsel, Perry & Perry LLP as Liaison Counsel, and the two together as Class Counsel for the Settlement Class. The Court has considered each of the elements required by Fed. R. Civ. P. 23(g) in order to ensure that Class Counsel will fairly and adequately represent the interests of the Settlement Class. Class Counsel who seek to represent the Settlement Class in the Action have done sufficient work to represent the interests of the Settlement Class.

9. The Action is hereby dismissed with prejudice, each party to bear its own costs, except as provided herein.

10. Effective upon the entry of this Order, the Plan, by and through the Independent Fiduciary retained pursuant to Section 3.2.3 of the Settlement Agreement, and by operation of this Order, both on the Plan's own behalf and on behalf of all Plan participants who are members of the Settlement Class, has absolutely and unconditionally released and forever discharged each and all of the Releasees from Released Claims that the Plan directly, indirectly, derivatively, or in any other capacity every had, now has, or hereafter may have.

11. Effective upon the entry of this Order, Named Plaintiffs, on behalf of themselves and on behalf of the Settlement Class, have absolutely and unconditionally released and forever discharged the Releasees from Released Claims that Named Plaintiffs or the Settlement Class directly, indirectly, derivatively, or in any other capacity ever had, now have, or hereafter may have. Nothing herein, however, shall

preclude any action or claim related to the implementation and/or enforcement of the Settlement Agreement.

12. Nothing herein and nothing in the Settlement Agreement shall be construed to include release by the Settlement Class members of Evercore Trust Company in its capacity as independent fiduciary to the Plan with respect to the Settlement.

13. Effective upon the entry of this Order, Defendants have absolutely and unconditionally released and forever discharged the Named Plaintiffs, the Settlement Class and Class Counsel from any and all Claims relating to the institution or prosecution of the Action or the settlement of any Released Claims, except that the release shall not include claims relating to the covenants or obligations set forth in the Settlement Agreement.  The Settling Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could have been asserted by Named Plaintiffs, the Settlement Class, the Plan, and Class Counsel against the Releasees with respect to the Released Claims.  Accordingly, Named Plaintiffs and Defendants shall not assert in any forum that the claims asserted in the Action were brought or defended in bad faith or without a reasonable basis.  The Settling Parties shall not assert any contention regarding a violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Action.  Except as expressly set forth in the Settlement Agreement, each party shall bear his, her or its own costs and expenses, including attorney's fees.

14. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, the Final Order shall be rendered null and

void and shall be vacated *nunc pro tunc*, and the Action shall proceed in the manner provided in the Settlement Agreement and the Order of Preliminary Approval.

15. Effective upon the entry of this Order, Plaintiffs, the Plan, and all Settlement Class members are permanently enjoined and barred from commencing or prosecuting any action asserting any of the Released Claims against any of the Releasees, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority, tribunal, or forum wherever located.

16. The Settlement Agreement and this Final Order, whether or not consummated, do not and shall not be construed, argued, or deemed in any way to be (a) an admission or concession by Defendants with respect to any of the Released Claims or evidence of any violation of any statute or law or other wrongdoing, fault, or liability by Defendants, or (b) an admission or concession by Named Plaintiffs or any member of the Settlement Class that their claims lack merit or that the defenses that have been or may have been asserted by Defendants have merit.

17. The Settlement Agreement and the Final Order shall not be offered or received in evidence by any class member or party to this action in any civil or administrative action or proceeding other than proceedings necessary to approve or enforce the terms of the Settlement Agreement and this Order and Final Judgment.

18. The attorney fees sought by Class Counsel in the amount of one-third of the Settlement Fund established in this Action are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial

risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases.  Accordingly, Class Counsel is awarded attorney's fees in the amount of one-third of the Settlement Fund, specifically $1,500,000.

19. The litigation expenses incurred by Class Counsel in the course of prosecuting this action are reasonable.  Accordingly Class Counsel is awarded expenses in the amount of $111,430.13, to be paid from the Settlement Fund.

20. Plaintiff Delilah Morrison is awarded $10,000 as a Named Plaintiff Service Award and Plaintiff Sherri Arguello is awarded $10,000 as a Named Plaintiff Service Award, as defined in the Settlement Agreement, in recognition of their contributions to this Action.

21. Without affecting the finality of the Judgment, the Court retains jurisdiction for purposes of implementing the Settlement Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement and the Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

22. To ensure compliance with the Class Action Fairness Act, the Court delayed its entry of this Order until more than 90 days had passed after Defendants served the notices required by CAFA.

ORDER

Accordingly, based on all of the files, records, and proceeding herein, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion for final approval of class-action settlement and certification of settlement class [Docket No. 121] is GRANTED.

2. Plaintiffs' motion for attorney's fees, expenses, and a case-contribution award [Docket No. 123] is GRANTED.

3. Defendants' motion to modify proposed final order and delay entry [Docket No. 131] is GRANTED.

4. The terms of the Settlement Agreement and the Plan of Allocation are APPROVED.

5. The Court certifies the following class pursuant to Fed. R. Civ. P. 23(b)(1) and (b)(2):

    a. All persons (other than Defendants or members of the MoneyGram International, Inc. Pension & 401(k) Committee and their beneficiaries, alternate payees (including spouses) and successors-in-interest) who both (i) were participants in or beneficiaries of the *Plan* at any time during the period starting on July 1, 2004, through October 7, 2010 and (ii) as part of their participation in the *Plan*, held Employer Stock within the Employer Stock Fund, as those terms are defined in the *Plan*; and as to each such *Person*, his, her, or its beneficiaries, alternate payees (including spouses of deceased Persons who were Plan participants), and *Successors-In-Interest*.

6. The parties, the class, and the Plan are ORDERED to abide by the terms of the Settlement Agreement and the Plan of Allocation.

7. Class counsel is awarded attorney's fees of $1,500,000 and expenses of $111,430.13 to be paid from the Settlement Fund.

8. Plaintiff Delilah Morrison is awarded a Named Plaintiff Service Award of $10,000 to be paid from the Settlement Fund.

9. Plaintiff Sherri Arguello is awarded a Named Plaintiff Service Award of $10,000 to be paid from the Settlement Fund.

10. This Action is DISMISSED WITH PREJUDICE.

11. The Court retains jurisdiction for the purpose of implementing and enforcing the Settlement Agreement.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: May 20, 2011               s/Patrick J. Schiltz
                                  Patrick J. Schiltz
                                  United States District Judge